UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOWARD SCOTT, | : | |
| | : | |
| Petitioner, | : | Civ. No. 13-7166 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal prisoner incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. Petitioner is currently serving a sentence of 188 months imprisonment after he pled guilty in the United States District Court for the District of South Carolina to one count of knowingly, intentionally and unlawfully possessing with the intent to distribute a quantity of heroin.

Petitioner is proceeding with a *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On December 11, 2013, this matter was administratively terminated as

---

[1] Section 2241 states in relevant part:

(a)   Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
(c)   The writ of habeas corpus shall not extend to a prisoner unless –
   (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
   (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
   (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
   (4) He being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title,

petitioner had neither paid the filing fee nor submitted an application to proceed *in forma pauperis*. On December 26, 2013, this Court received petitioner's application to proceed *in forma pauperis*. Accordingly, the Clerk will be ordered to reopen this matter. Petitioner's application to proceed *in forma pauperis* will be granted based on the information provided therein. For the following reasons, the habeas petition will be dismissed due to a lack of jurisdiction.

## II. BACKGROUND

Petitioner appealed his judgment and sentence to the United States Court of Appeals for the Fourth Circuit after the District of South Carolina entered judgment against him. On April 29, 2011, the Fourth Circuit affirmed the judgment and sentence. *See United States v. Scott*, 426 F. App'x 169 (4th Cir. 2011) (per curiam).[2]

On April 25, 2012, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the District of South Carolina. (*See* D.S.C. Crim. No. 09-991, Dkt. No. 67.) Petitioner raised ineffective assistance of counsel claims in that petition. On October 2, 2012, the District of South Carolina denied petitioner's § 2255 motion. (*See id.* Dkt. Nos. 86 & 87.) Petitioner appealed and the Fourth Circuit denied a certificate of appealability

---

authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(a) & (c).

[2] The Court takes judicial notice of the prior opinions in petitioner's federal criminal proceedings and subsequent federal habeas proceedings. *See McPherson v. United States*, 392 F. App'x 938, 940 n.1 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings).

and dismissed the appeal on January 23, 2013. *See United States v. Scott*, 506 F. App'x 215 (4th Cir. 2013) (per curiam).

In December,, 2013, this Court received the instant § 2241 habeas petition. Petitioner raises two claims in this habeas petition related to his criminal conviction and judgment in the District of South Carolina. First, he claims that his due process rights were violated due to incorrectly applying career offender status on petitioner under the United States Sentencing Guidelines. Second, he claims that not all of elements of the charge were presented to a jury beyond a reasonable doubt because the drug amount was not listed in the indictment.

### III.     STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV.  DISCUSSION

Petitioner is challenging the criminal conviction and sentence he received in the District of South Carolina in this § 2241 federal habeas action.  Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).  However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Cradle*, 290 F.3d at 539 (citations omitted).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id.* at 538 (citation omitted).  "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to

evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner argues that he was improperly sentenced. Relying on the Fourth Circuit case in *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013), petitioner asserts that the District of South Carolina improperly applied a career offender enhancement to his sentence "by counting a consolidated sentence containing three charges as satisfying the 'two prior convictions", when in essence the charge was consolidated into one charge concurrently applied. Additionally, relying on the United States Supreme Court decision in *Alleyne v. United States*, - U.S. -, 133 S. Ct. 2151 (2013), petitioner states that he was improperly sentenced because facts were found true by the judge as opposed to a jury.

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.

5

Petitioner's first claim argues that he was improperly given a career offender enhancement under the sentencing guidelines. Such an argument has been found to be insufficient to fall within the *Dorsainvil* exception as it relates to an argument that petitioner is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Additionally, petitioner's reliance on the Supreme Court's decision in *Alleyne* does not fall within the *Dorsainvil* exception to permit this § 2241 habeas petition to move forward. Indeed, as the Third Circuit has recently stated:

> [Petitioner] cannot avail himself of the [*Dorsainvil*] exception in this case. As noted above, he relies on the Supreme Court's decision in *Alleyne* to support his petition. *Alleyne* is essentially an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000): in *Apprendi*, the Court held that under the Fifth And Sixth Amendments, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi*, 530 U.S. at 490, and in *Alleyne*, the Court held that the same rule applies also to "facts that increase mandatory minimum sentences," *Alleyne*, 133 S. Ct. at 2163. We have held that, "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his *Apprendi* argument," *Okereke*, 307 F.3d at 121, and there is no basis to treat claims brought under *Alleyene* differently.

*Sacksith v. Warden Canaan USP*, No. 13-4060, 2014 WL 279754, at *2 (3d Cir. Jan. 27, 2014) (per curiam). Similar to *Sacksith*, petitioner's reliance in *Alleyene* in this case does not warrant finding that this case falls within the *Dorsainvil* exception to establish jurisdiction.[3] *Accord Sacksith*, 2014 WL 279754, at *2. Therefore, this Court lacks jurisdiction to consider the instant habeas petition filed pursuant to § 2241 as petitioner attacks his federal criminal conviction and sentence, but does not fall within the *Dorsainvil* exception to permit this § 2241 action.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Fourth Circuit as a request to file a second or successive § 2255 motion. However, such a finding does not prevent

---

[3] Additionally, it is also worth noting that petitioner pled guilty as opposed to have his case heard by a jury.

7

petitioner from seeking leave from the Fourth Circuit to file a second or successive § 2255 motion should he elect to do so.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED:   February 27, 2014

                                                  s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge